# UNITED STATES DISTRICT COURT
## for the DISTRICT OF COLUMBIA

GOVERNMENT ACCOUTABILITY
PROJECT,

      Plaintiff,

      v.                       Civil Action No. 08-1295 (RJL)

U.S. DEPARTMENT OF STATE,

      Defendant.


## <u>PLAINTIFF'S MOTION FOR JUDGEMENT ON THE PLEADINGS</u>


Pursuant to Fed.R.Civ.P., Rule 12(c), Plaintiff Government

Accountability Project (GAP) moves this Court to issue a judgment on the

pleadings and order the relief requested in the Complaint.  In support of

this Motion, the Court is referred to the Plaintiff's supporting

memorandum.

Respectfully submitted,

_____
Richard E. Condit [DC Bar# 417786]
Senior Counsel
Government Accountability Project
1612 K Street, NW, Suite 1100
Washington, D.C. 20006
Tel. 202.457.0034 x. 142
Fax 202.457.0059
Eml. richardc@whistleblower.org

Dated: November 4, 2008

## MEMORANDUM IN SUPPORT OF
## MOTION FOR JUDGMENT ON THE PLEADINGS

This is an action under the Freedom of Information Act (FOIA, 5 U.S.C. 552, *et seq*.) seeking the disclosure and release of agency records improperly withheld from the Plaintiff by Defendant U.S. Department of State (DoS).  Plaintiff's request for the records has been pending before the DoS since May 21, 2007.   During the seventeen month period since Plaintiff's request was filed, DoS has failed to produce any records, has failed to provide any determination of when it will provide responsive records, and has essentially failed to justify this extensive delay. Accordingly, Plaintiff seeks entry of judgment on the pleadings ordering the agency to respond to the request and produce the records forthwith.

## BACKGROUND

Approximately, seventeen months ago, Plaintiff requested information concerning the Foundation for the Future.  Complaint ¶6. The Foundation has received funding from DoS and has been reportedly involved in promoting peace in the Middle East and North Africa.  On May 21, 2007, the same day the Plaintiff's FOIA request was sent, the DoS acknowledged receipt of the request.  Complaint ¶ 7; Answer ¶ 7.

Since May 21, 2007, Plaintiff has attempted through several communications to seek release of the requested records to no avail. Complaint ¶s 8 – 11.  Specifically, after waiting almost a year, on April 30, 2008, Plaintiff filed an administrative appeal asserting that its request had been constructively denied.  Complaint ¶ 10; Answer ¶ 10.

By letter dated May 6, 2008, DoS FOIA appeals officer Lori Hartmann declined to accept GAP's appeal because its FOIA request was purportedly "being processed."  Complaint ¶ 11; Answer ¶ 11.  To date, even after filing this lawsuit, no records have been released and no schedule has been suggested for a final determination regarding Plaintiff's FOIA request.

Defendant has filed its Answer to the Complaint, but the Answer fails to cite any FOIA exception that justifies the withholding of the records Plaintiff requested.  Defendant's Answer to the Complaint concedes Plaintiff's *prima facie* case, pleads no actual justification for DoS's failure to respond within the statutory time limit, and offers no basis for failure to produce the records Plaintiff seeks.  Accordingly, Plaintiff now moves for judgment on the pleadings against DoS with respect to the May 21, 2007 FOIA request.  The Court should order production of the records by

entering Judgment on the Pleadings pursuant to Federal Rules of Civil

Procedure 12(c).

## ARGUMENT

### THE COURT SHOULD COMPEL DEFENDANT TO DISCLOSE THE REQUESTED RECORDS BY ENTERING JUDGMENT ON THE PLEADINGS

The U.S. Department of State's Answer establishes Plaintiff's right to

relief under FOIA and fails to set forth any defense for its failure to

produce the requested records. Accordingly, Plaintiff is entitled to

judgment on the pleadings as a matter of law.

A judgment on the pleadings is appropriate when there is no

material issue of fact that remains to be resolved and the moving party is

entitled to judgment as a matter of law. *Transworld Products Co., Inc. v.

Canteen Corp.*, 908 F.Supp. 1 (D.D.C. 1995); Fed.R.Civ.P. Rule 12(c). In

considering a motion for judgment on the pleadings, the Court must

accept as true all factual allegations and all reasonable inferences drawn

therefrom in the light most favorable to the nonmoving party. *Schuchart v.

La Taberna Del Alabardero*, 365 F.3d 33, 35 (D.C. Cir. 2004). As set forth

below, there are no material issues of fact and Plaintiff is entitled to

judgment on the pleadings.

FOIA provides the public with a statutory right to examine an agency's records upon submitting a request that reasonably describes the records.  5 U.S.C. § 552 (a)(3).  The agency is required to "make the records promptly available" upon receiving such a request.  *Id.*  Moreover, the statute commands that the agency "shall determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination."  5 U.S.C. § 552(a)(6)(A)(i).  Additionally, there is a 20 business day limit for determinations of appeals.  5 U.S.C. §552(a)(6)(A)(ii). When an agency fails to respond, the requestor is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions."  5 U.S.C. § 552(a)(6)(C).

Defendant's Answer to the complaint clearly illustrates that DoS expressly admitted and failed to deny that Plaintiff submitted a FOIA request over seventeen months ago.  However, DoS has failed to produce the records or provide the determination required by statute. Additionally, DoS has failed to provide a determination of the appeal

within the statutory time limit.  No determination of Plaintiff's appeal has been provided to date.

Thus, all of the elements of Plaintiff's FOIA Complaint are admitted, such that there are no material issues of fact.  Defendant's Answer concedes Plaintiff's averments that: (1) DoS is an agency subject to the FOIA. Complaint ¶4; Answer ¶4.  (2) DoS received Plaintiff's FOIA request dated May 21, 2007.  Complaint ¶7; Answer ¶7. (3) the Plaintiff filed an administrative appeal on May 30, 2008 of DoS's constructive denial of the FOIA request.   Complaint ¶10; Answer ¶10.  (4) DoS has not provided the requested records and has not determined Plaintiff's appeal.  Complaint ¶s 11 – 14; Answer ¶s 11- 14.  It is clear that all of the elements of Plaintiff's *prima facie* case under FOIA are admitted in the pleadings.

Although the Defendant's Answer alleges that DoS's "search and review was already well under way" (Answer ¶ 14), Defendant has failed to plead any exceptional circumstances justifying the significant delay in providing responsive records.  Specifically, FOIA provides that "if the government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may … allow the agency additional time to complete its review of the records".  5 U.S.C. § 552(a)(6)(C)(i).  The statute further explains that workload delays

in processing requests are not considered exceptional circumstances.  5

U.S.C. § 552(a)(6)(C)(ii).  However, Defendant has failed to demonstrate

any exceptional circumstances in responding to Plaintiff's unexceptional

request, and has not proven that it has exercised due diligence in

responding to Plaintiff's request.

Further, in the almost two months since Defendant has filed its

Answer to the Complaint, it has failed to request a stay of proceedings for

alleging any exceptional circumstances.  In essence, DoS has had a stay of

proceedings for almost two months.  Plaintiff fully expects that the

Defendant will now file such a motion to stay proceedings in response to

its motion for judgment on the pleadings.  It would be inequitable to grant

such a stay, when the Defendant had more than ample time to file the

motion for stay of proceedings or to provide a response Plaintiff's initial

FOIA request.  Because the DoS has failed to request a stay of proceedings

and has been unresponsive to Plaintiff's initial FOIA request and

subsequent appeal, there is no legal justification for the agency's delay and

failure to respond.

## CONCLUSION

Because the Defendant's Answer to the Complaint concedes the essential elements of Plaintiff's FOIA claim, and fails to adequately plead any defenses that would justify the Department of States' failure to respond, Plaintiff is entitled to judgment on the pleadings as a matter of law. The Court should enter judgment on the pleadings and order the DoS to produce the requested records forthwith, pay attorneys' fees and costs, and provide other relief consistent with the Complaint.

Respectfully submitted,

_____
Richard E. Condit [DC Bar# 417786]
Senior Counsel
Government Accountability Project
1612 K Street, NW, Suite 1100
Washington, D.C. 20006
Tel. 202.457.0034 x. 142
Fax 202.457.0059
Eml. richardc@whistleblower.org

Dated: November 4, 2008